UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Basil O. Proctor

   v.                                             Civil No. 12-cv-154-PB

Lt. T. Coffey, Massachusetts
State Police

## REPORT AND RECOMMENDATION

Before this court is pro se plaintiff Basil Proctor's complaint (doc. no. 1), filed pursuant to 42 U.S.C. § 1983. The complaint is before the court for preliminary review to determine if the claims asserted therein should be dismissed, amended, or served upon defendants. See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

### Preliminary Review Standard

The magistrate judge conducts a preliminary review of all inmate complaints and amendments thereto. See 28 U.S.C. § 1915A(a); LR 4.3(d)(2). The magistrate judge may direct service, order an amendment, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune,

the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. §§ 1915(e)(2) and 1915A(b); LR 4.3(d)(2).

In determining whether such a complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

**Background**

Proctor is an inmate at the Strafford County Department of Corrections, awaiting a federal trial on drug conspiracy charges.  Proctor asserts that on September 23, 2008, he and a companion were at an airport in Manchester, New Hampshire, when Massachusetts State Police Lt. T. Coffey and officers under Coffey's direction confronted the travelers, put guns to Proctor's head, searched his belongings, and seized his money and other belongings without a warrant.  The officers brought

Proctor and his companion to a hotel in Boston, where Proctor was interrogated outside of the presence of counsel, threatened by police, and forced to make calls from a cellphone and to consent to a search of his former residence.  Proctor asserts that $55,000 seized from him at that time remains unaccounted for, and that he was never read his <u>Miranda</u> rights.  Proctor now seeks to assert charges against Lt. Coffey, to make him "pay" for his conduct.  Proctor also seeks an order directing the disclosure of the names of individuals with whom Proctor is alleged to be a co-conspirator, and the evidence supporting the conspiracy indictment.

**Claims**

The complaint (doc. nos. 1 and 15), liberally construed, asserts claims against Lt. Coffey and unnamed officers, under 42 U.S.C. § 1983, for multiple violations of Proctor's civil rights, and for state torts including false imprisonment, theft, and assault, relating to a search and seizure occurring antecedent to a pending federal prosecution.

**Discussion**

I.   <u>Statute of Limitations</u>

Proctor's civil rights claims are subject to a three-year statute of limitations.  See <u>Gorelik v. Costin</u>, 605 F.3d 118,

3

121 (1st Cir. 2010) (three year statute applies to § 1983 claims arising in New Hampshire); Mangano v. Bellotti, 187 F. App'x 8, 8 (1st Cir. 2006) (three year statute applies to § 1983 claims arising in Massachusetts).  Similarly, the tort claims asserted by Proctor are subject to a three-year statute of limitations. See N.H. Rev. Stat. Ann. § 508:4; Mass. Gen. L. Ch. 260 § 2A.

"Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt." Gorelik, 605 F.3d at 122 (internal quotation marks omitted) (citing 42 U.S.C. § 1983). New Hampshire and Massachusetts law similarly set the accrual date for a tort claim arising from a discrete act at the point when the tort is completed.  See, e.g., Passatempo v. McMenimen, 461 Mass. 279, 293-94, 960 N.E.2d 275, 288 (2012); Singer Asset Fin. Co., LLC v. Wyner, 156 N.H. 468, 478, 937 A.2d 303, 313 (2007).

All of Proctor's civil rights and tort claims, relating to the September 2008 search and seizure, accrued more than three years before Proctor filed the complaint in this case.  Proctor knew or had reason to know in September 2008 that Lt. Coffey and other officers took steps that Proctor asserts either violated

4

his constitutional rights or constituted torts.  No facts asserted in the complaint suggest that defendants prevented Proctor from filing suit, or that the statute of limitations should otherwise be tolled here.  See generally Schomaker v. United States, 07-CV-164-PB, 2008 WL 2065918, *4 (D.N.H. May 13, 2008) (setting forth standards for equitable tolling under federal law and New Hampshire law, noting that such tolling is "'justified only in extraordinary circumstances'" (citation omitted)), aff'd, 334 F. App'x 336 (1st Cir. 2009); see also Passatempo, 461 Mass. at 295, 960 N.E.2d at 289 (citing Mass. Gen. L. Ch. 260 § 12).  Accordingly, all of Proctor's civil rights and tort claims asserted in the complaint, arising from the September 2008 search and seizure, are time-barred and should be dismissed.[1]

---

[1] A filing docketed as an addendum to the complaint (doc. no. 11) asserts that a Strafford County Department of Corrections ("SCDC") employee, named Officer Farrell, took two letters from Proctor's outgoing mail and "plac[ed] a 'hit' on another federal inmate."  Proctor alleges that SCDC Sgt. Bracket and Lt. Lee did not respond when Proctor complained about Farrell, and, fearing Farrell's retaliation, Proctor filed the addendum simply to "document these ordeals."  The addendum does not request any relief from this court and does not appear intended to state any claim.  Therefore, the court finds that the addendum (doc. no. 11) is not intended to and does not in effect add any claim or defendant to this case.

II. <u>Criminal Charges</u>

There is no federal constitutional right to have criminal wrongdoers brought to justice.  <u>See</u> <u>Leeke v. Timmerman</u>, 454 U.S. 83, 87 (1981); <u>Nieves-Ramos v. Gonzalez-de-Rodriguez</u>, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing <u>Linda R. S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another")).  Accordingly, to the extent that Proctor seeks to bring criminal charges against Lt. Coffey or any other officer, Proctor's claims should be dismissed.

**Conclusion**

For the foregoing reasons, the court should dismiss the complaint (doc. no. 1) in its entirety, with prejudice.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 1045 (2012); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on appeal).

                                          _____
                                          Landya McCafferty
                                          United States Magistrate Judge

October 10, 2012

cc:  Basil O. Proctor, pro se

LBM:nmd

7